# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                     **Plaintiff,**<br><br>     vs.<br><br>**PETE PANE,**<br><br>                     **Defendant.** | **8:17CR21**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 244.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

On February 5, 2018, Defendant Pete Pane pled guilty to Count I of the Indictment, charging him with a violation of 21 U.S.C. §846, conspiracy to distribute 50 grams or more of methamphetamine mixture. In the plea agreement, ECF No. 176, the parties agreed that the Defendant should be held responsible, beyond a reasonable doubt, for at least 500 grams but less than 1.5 kilograms of methamphetamine mixture, and the government agreed to dismiss Counts II and III of the Indictment, each charging the Defendant with distribution of 50 grams or more of methamphetamine mixture.

Due to two prior felony drug offenses, the Defendant was determined to be a career offender under the Sentencing Guidelines. On April 30, 2018, the Defendant was sentenced to 188 months incarceration (the lowest end of the applicable Guideline range) and four years of supervised release. Although the Defendant waived most rights of appeal in his plea agreement, he appealed his sentence, challenging his career offender status, asserting overstatement of his criminal history, and contending that the sentence was excessive. The U.S. Court of Appeals for the Eighth Circuit dismissed the appeal on January 30, 2019, finding no non-frivolous issues falling outside the Defendant's waiver of his right of appeal.

The Defendant filed his §2255 Motion on January 21, 2020. It is his first such motion and it is timely filed. In the Motion, the Defendant purports to raise three grounds for relief. First, he asserts that his counsel was ineffective for failing to object to his career offender status "in violation of verbal plea agreement." ECF No. 244 at Page ID #617. Second, he asserts that his counsel was ineffective for stipulating to the drug quantity of 500 grams to 1.5 kilograms of methamphetamine mixture set out in the factual basis section of the plea agreement. Third, he contends that he should receive retroactive relief under the First Step Act and should be re-sentenced without the career offender enhancement.

## DISCUSSION

### I. GROUNDS ONE AND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that

counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 694).

With respect to the Defendant's career offender status, the Defendant does not deny the fact of his prior convictions or the accuracy of the Presentence Investigation Report. Instead, he suggests that some "verbal plea agreement" precluded the application of the career offender enhancement and that his counsel was ineffective for failing to object to the career offender enhancement based on that verbal agreement.

The written plea agreement, ECF No. 176, at Page ID #385, stated: "The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b)." In the Defendant's plea petition, ECF No. 175 at Page ID #375, he acknowledged that all the terms of his plea agreement were contained within the written agreement and no one had made any promises to him outside the written agreement. At the time of his plea hearing, see Transcript at ECF No. 212, the Defendant acknowledged under oath that he was fully satisfied with the advice given to him by his lawyer; that all statements in his plea petition were truthful; that no agreement had been made as to his criminal history category; that

3

his written plea agreement contained all the terms, conditions, and promises in his agreement with the government in this case; and that no one had made any other promises to get him to sign the plea agreement. The Defendant's counsel also confirmed that no other promises had been made outside the written plea agreement.

The Defendant's suggestion that a verbal plea agreement precluded the application of the career offender status is clearly implausible, and Ground One of the Defendant's § 2255 Motion will be summarily dismissed.

With respect to the drug quantity, the parties stipulated in the plea agreement that "the defendant should be held responsible, beyond a reasonable doubt, for at least 500 grams, but less than 1.5 kilograms of a mixture of methamphetamine." ECF No. 176 at Page ID # 383-84. The Defendant confirmed that specific term of the agreement under oath at his plea hearing. ECF No. 212, Page ID #511-12. The parties further stipulated in the plea agreement that the factual basis set out in the agreement was true and could be considered as "'relevant conduct'" under U.S.S.G. § IB1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(I)." ECF No. 176, Page ID #385. At the plea hearing, the Defendant confirmed under oath that the government would be able to prove, beyond a reasonable doubt, the facts set forth in the "factual basis" of the plea agreement. ECF No. 212 at Page ID # 516. In addition to three specific transactions involving 53 grams, 54 grams, and 100 grams of methamphetamine mixture, the factual basis included the fact that the Defendant had supplied pound quantities of methamphetamine mixture to a co-defendant dating back to January 1, 2016, the initial date of the conspiracy alleged in the Indictment. ECF No. 176, at Page ID #382.

Although the Defendant now contends that he should be held responsible for only 112 grams of methamphetamine sold in connection with one "controlled buy," ECF No. 244 at Page ID #619, his argument ignores the fact that he pled guilty to a *conspiracy* to distribute methamphetamine and was responsible for all relevant conduct in connection with that conspiracy. Considering the record in this case, including the plea petition, plea agreement, and plea hearing, the Defendant's argument that his counsel was ineffective for stipulating to the drug quantity set forth in the plea agreement is not plausible.

The Defendant has made no showing that his counsel performed outside the wide range of reasonable professional assistance or made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor has the Defendant made any showing that he suffered any prejudice as a result of his counsel's performance.

## II.  GROUND THREE – FIRST STEP ACT

The Defendant asserts that he should receive relief under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Section 401, because he served no term of incarceration on one of his predicate felony drug trafficking offenses, and therefore should not be considered a career offender. He notes that Section 401 of the First Step Act amended 21 U.S.C. § 802 to provide: "The term 'serious drug felony' means an offense described in section 924(e)(2) of title 18, United States Code, for which—(A) the offender served a term of imprisonment of more than 12 months[.]"

The term "serious drug felony" is used throughout 18 U.S.C. § 841 in reference to certain statutory penalty ranges, and certain mandatory minimum terms based on prior convictions for "serious drug felonies." No such increased statutory penalties may be

imposed unless the government files an information of prior conviction pursuant to 21 U.S.C. § 851, which was not done here.

The enhanced penalty of which the Defendant complains was imposed pursuant to § 4B1.1 of the advisory Sentencing Guidelines that provides for an increased offense level if a defendant has at least two prior felony convictions for either a crime of violence or a "controlled substance offense." The term "controlled substance offense" is defined in Guideline 4B1.2(b) as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense." The Defendant's predicate controlled-substance convictions satisfy that definition, regardless of the amount of time the Defendant served in custody as a result of the convictions.

### III. CERTIFICATE OF APPEALIBILITY

A petitioner under § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 244, is denied;

2. No certificate of appealability will be issued;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 31st day of January 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge